IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROBERT WARDRICK | * |
|     Plaintiff | |
|     v. | *   CIVIL ACTION NO. AMD-07-1747 |
| VALLEY GUN SMITH | * |
| MELVIN ABRAMS | |
| VALLEY GUN SHOP | * |
| TOWSON JEFFERSONIAN, | |
|     Defendants | * |
| | *** |

MEMORANDUM

On September 17, 2002, plaintiff Robert Wardrick was sentenced to concurrent 300 and 120 month terms in the Federal Bureau of Prisons for firearms violations under 28 U.S.C. § 922(g)(1) and 26 U.S.C. §5861(d). *See United States v. Wardrick*, Crim. No. MJG-01-0217 (D. Md.). The convictions were affirmed on appeal. On August 23, 2004, Judge Marvin J. Garbis dismissed Wardrick's 28 U.S.C. § 2255 motion to vacate with prejudice. *See Wardrick v. United States*, Civil No. MJG-03-3592 (D. Md.). The subsequent appeal was dismissed by the Fourth Circuit. On June 15, 2005, Wardrick's second § 2255 motion was dismissed without prejudice as successive. *See Wardrick v. United States*, Civil No. MJG-05-1551 (D. Md.).

Wardrick is confined at the United States Penitentiary ("USP") in Beaumont, Texas. On July 2, 2007, he filed another in a continuing series of ostensible 42 U.S.C. § 1983 complaints, this one against private gun shops, a gun store owner, and a local Baltimore County newspaper. The complaint is not a model of clarity, reading as follows:

> As long as information contained in agency's files is capable of being verified, then, under Privacy Act, agency must take reasonable steps to maintain accuracy of information to assure fairness to individual and, if agency willfully or intentionally fails to maintain its records in that way, and consequently makes determination adverse to individual, it will be liable to that person for money damages. 5 U.S.C.A. § 552A(e)(5), (g)(1)(C), (g)(4). Case on records are proof that this happen and case "can not" be overturned because Federal Government is in violation of first (1) Amendment rights and Petitioner hope that this Complaint is not misconstrued as an attack on 2002 conviction because I have to Petition the Government for a redress of grievance."

Paper No. 1.

Because he is indigent, Wardrick's motion to proceed in forma pauperis shall be granted. His complaint shall, however, be summarily dismissed without requiring service of process on defendants.

Wardrick seeks $20,000,000 in damages for the alleged "inconven[ience] of this incorrect information," but the complaint is subject to dismissal.[1] The jurisdictional and threshold requirements of §1983 civil actions are that a substantial federal question be asserted and that the named defendant be acting "under color of" state law. *See* 28 U.S.C. §§ 1343(a)(3) and (4); *see also West v. Adkins*, 487 U.S. 42, 49 (1988); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 928-930 (1982). Defendants, private businesses and an individual business owner, do not act "under color of" state law and are not amenable to liability under §1983. Accordingly, this action shall be dismissed. An Order follows.

Date: July 31, 2007                                             /s/
                                                                Andre M. Davis
                                                                United States District Judge

---

[1] Plaintiff refers to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Defendants are not federal agencies and thus are not subject to provisions of the FOIA. *See* 5 U.S.C. § 551(1).